Requestor: James E. Konstanty, Esq., County Attorney County of Otsego County Office Building 197 Main Street Cooperstown, N Y 13326
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have inquired whether civil service examination notices are required to be published and whether the rates charged by newspapers for publishing these examination notices may exceed the rates established by section 70-a of the Public Officers Law.
You have referred to a prior opinion of the Attorney General. 1940 Op Atty Gen (Inf) 166. That opinion dealt not with whether examination notices must be published but with the publication rates that may be charged in the event that a decision is made to publish the notices.
The State Civil Service Department and municipal civil service commissions are required to advertise examinations "in such manner as the nature of the examination may require." Civil Service Law § 50(2). It seems clear that this provision grants flexibility to municipal civil service commissions and does not require that they publish notices of examinations.
You have also asked, should publication be elected, whether the rates charged by newspapers may exceed those set by section 70-a of the Public Officers Law. Section 70-a sets the amounts that may be charged by newspapers for "all official notices and advertisements authorized or required by law to be published." In that a publication of examination notices is an official notice authorized by law to be published, we agree with the 1940 opinion's conclusion that the rate paid for publication may not exceed the rates established by section70-a of the Public Officers Law.
We conclude that a municipal civil service commission is not required to publish notices of examinations.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.